

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00221-CR
_____

IN RE ROYAL EDWARD WILLARD, RELATOR

_____

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

_____

June 14, 2016

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, Royal Edward Willard, has filed a petition for writ of mandamus requesting this Court to "instruct the Respondent [the Honorable Felix Klein, presiding judge of the 154th District Court of Lamb County] to order disclosure of any 'Brady evidence' contained in the personnel files of Pedro 'Pete' Lara, including all information that may be used as impeachment against this witness." We deny the petition.

First, Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this Court. Rule 52.3(k)(1)(A) provides that the appendix to a petition for writ of mandamus must contain "a certified or sworn copy of any order complained of or any other document showing the matter complained of." Willard has appended a certified copy of an "order on Request to Reconsider Release

of Witness' Personnel Records" along with caselaw and a copy of § 143.089 of the Texas Government Code concerning personnel files for fire fighters and police officers. However, lacking is the motion for protective order filed by the City of Lubbock, a record of the hearing made at the time the City's motion for protective order was heard, and a record of the "oral requests of both the State and the Defense" seeking reconsideration of the trial court's granting the protective order.

Mandamus relief is available to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). In determining whether the trial court clearly abused its discretion, we may not substitute our judgment for that of the trial court. *In re Sanders,* 153 S.W.3d 54, 56 (Tex. 2004). A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports the trial court's decision. *Unifund CCR Partners v. Villa*, 299 S.W. 3d 92, 97 (Tex. 2009).

Furthermore, it is especially important to note that the trial court may properly consider everything that has occurred during the history of the litigation. *See In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011 no pet.) (determining whether the trial court abused its discretion in imposing "death penalty" sanctions). Likewise, in assessing the propriety of the trial court's ruling, this court must be able to evaluate the trial court's ruling in light of the history of the litigation. *Id.* We find that the mandamus record before this court is inadequate for the task. This court cannot make a sound decision based on an incomplete picture. However, that is exactly what the relator is asking this court to do by his failure to provide a sufficient mandamus record. *Id.* Moreover, those seeking the extraordinary remedy of mandamus must follow the

applicable procedural rules. *Id.* Primary among these is the critical obligation to provide the reviewing court with a complete and adequate record. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief). Furthermore, it is incumbent upon the relator to provide this court with a record that would enable the court to determine whether the trial court abused its discretion. *See id.* Relator has failed to do so. *See In re Le,* 335 S.W.3d at 813. (holding that the record was inadequate even though through "the Plaintiff's efforts, [the] court ha[d] an unsworn copy of the record of the December 6, 2010 hearing[,] but ha[d] no record of the other discovery hearings, including the hearing on Plaintiff's second motion to compel, which resulted in a $500 sanction against relator."). Here, the record is lacking the documents necessary to determine whether the trial court abused its discretion. Those documents being, at the very least, the Motion for Protective Order filed by the City, the reporter's record of the hearing on that motion and the hearing, if any, on the motion to reconsider the trial court's ruling on the protective order. Therefore, this court cannot and will not find an abuse of discretion on an incomplete record.

For the foregoing reasons, Willard's petition for writ of mandamus is denied.

Per Curiam

Do not publish.

3